### GLYNN, State Comptroller, v. CONKLIN et al.

(Supreme Court, Appellate Division, Third Department.   June 18, 1908.)

TAXATION—TRANSFER—CORPORATIONS—STOCK.

A transfer of stock in certain corporations, pursuant to a sale on foreclosure of a mortgage on the stock, was taxable under Tax Law, Laws 1905, p. 474, c. 241, § 315, as amended by Laws 1906, p. 1008, c. 414, imposing a tax of 2 cents a share on transfers of stock in corporations.

Submission of controversy on agreed statement of facts, as authorized by Code Civ. Proc. § 1279, by Martin H. Glynn, as Comptroller of the state of New York, against Henry W. Conklin, as referee, and another.   Judgment for plaintiff.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William Schuyler Jackson, Atty. Gen., and Frank H. Mott, Deputy Atty. Gen., for plaintiff.

Harris, Havens, Beach & Harris (Edward Harris, Jr., of counsel), for defendant.

COCHRANE, J.   To secure an issue of bonds the United States Independent Telephone Company executed to the defendant Security Trust Company of Rochester a mortgage covering 322,726 shares of stocks of other and different corporations, of the face value of $100 a share.   The mortgagor having defaulted in the payment of such bonds, the mortgagee instituted an action in the Supreme Court of this state for the foreclosure of said mortgage.   Such proceedings were had in such action that the defendant Henry W. Conklin was appointed a referee to sell said stocks under a judgment directing such sale, and pursuant to such judgment the stocks have been duly sold by the referee.   The question is whether the tax of two cents a share imposed on the transfer of stocks by section 315 of the tax law (Laws 1896, p. 795, c. 908), added thereto by chapter 241, p. 474, of the Laws of 1905, as amended by chapter 414, p. 1008, of the Laws of 1906, applies to such a sale.

It is very clear that such sale is within the letter of the statute, and it is equally clear that it is within its spirit. Were it otherwise, the door would be wide open for an evasion of the tax. It would only be necessary for a person desiring to sell stocks without the payment of the transfer tax to mortgage them and foreclose the mortgage. In the present case the mortgagee has sought the aid of the court in effecting a transfer; but the transaction is essentially the same, and the result is the same, as if the mortgagee, without invoking the court's assistance, had enforced the mortgage and sold the stocks by virtue of a power contained in the mortgage, or as if the mortgagor had voluntarily released his equity in the mortgaged stocks. While the sale in question was judicial, it was made for the benefit of a party and on application of such party, and the burden of the tax does not fall on the court's officer, nor on any one except the party benefiting by the transfer of the stocks, and who justly and equitably should bear the burden of the taxation imposed by the statute.

Judgment is ordered in favor of plaintiff for $6,454.52, without costs. All concur.